IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNETTA COHILL           ) | |
| ) | |
| ) | |
| Plaintiff,           ) | |
| ) | CIVIL ACTION NUMBER: |
| v.           ) | |
| ) | |
| PUBLIX           ) | |
| ) | |
| Defendant.           ) | |

## COMPLAINT

**I.     INTRODUCTION**

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 U.S.C. § 1981 to address race discrimination in the terms and conditions of employment and retaliation for opposing and reporting race discrimination. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

2.     Plaintiff filed her charge of race discrimination and retaliation with the EEOC within 180 days of the occurrence of the last discriminatory act and is timely

filing her race discrimination Complaint within 90 days of the receipt of her Notice of Right to Sue from the EEOC.  Plaintiff's claims arising under 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.

## II.   JURISDICTION & VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.  The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.  Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

## III.   PARTIES

4.   Plaintiff, Annetta Cohill, ("Cohill") is an African-American resident of Alabama and a citizen of the United States.  Plaintiff is an "person aggrieved" under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 1981(a) and (b).

5.   Defendant, Publix, is subject to suit under Title VII.  Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 1981(a).  The Defendant employs at least fifteen (15) persons.

## IV.  FACTS

6. The Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. Plaintiff, Annetta Cohill ["Cohill"] is an African-American female. Cohill was hired by the Defendant on October 11, 2003. As of May 2015, Cohill was employed as a Seafood Specialist. At all times during her employment, Cohill performed her duties and responsibilities in a satisfactory manner, and at times her performance was exemplary.

8. Around January 2016, the Defendant hired James White who is a white male and/or identifies as a white male. Soon after Mr. White was hired, Cohill complained that a white employee, Barbara Hoff, was not working to standard and would not respond to her directives. Cohill advised Mr. White that Hoff was not made to conform to the Defendant's policies and procedures because of her race, white.

9. On Mach 31, 2016, Cohill received her evaluation from Mr. White, who had only evaluated her for a few months. Mr. White gave Cohill a dramatically lower rating than what she had previously received. Cohill then asked to transfer to another store and that request was denied.

10. On May 4, 2016, Cohill approached Mr. White about Hoff's continued substandard performance and that she had now begun to purposefully sabotage Cohill's work. Mr. White indicated that he did not believe me and that in any event I did not have proof that Hoff was violating company policies. During this conversation, Cohill again indicated to Mr. White that Hoff was receiving special treatment because of her race, white. Mr. White then told Cohill to clock out and go home.

11. On May 5, 2016, Cohill filed a charge of discrimination with the Equal Employment Opportunity Commission. [Ex. A: May 5, 2016 EEOC Charge and Notice of Right to Sue].

12. On June 4, 2016, Cohill was suspended from work pending an investigation into allegations of misconduct lodged against her by the Defendant. Hoff had never been disciplined for any of the misconduct reported by Cohill.

13. On June 16, 2016, Cohill was discharged. Cohill was suspended thirty-days after filing a charge of discrimination and discharged forty-two days after that. But for her filing an EEOC charge, Cohill would not have been suspended or terminated from her job.

14. On June 22, 2016, Cohill filed a charge of discrimination alleging that she had been terminated in retaliation for her earlier protected activity of filing an

EEOC charge.  [Ex. B: May 5, 2016 EEOC Charge and Notice of Right to Sue].

## V. CAUSES OF ACTION

### I. RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

15. The Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail herein below.

16. Plaintiff has been discriminated against and treated differently than similarly situated white employees solely because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.  This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

17. This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.

18. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

19. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

21. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

22. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## II.  RETALIATION  IN VIOLATION OF
## TITLE VII AND 42 U.S.C. § 1981

23.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above with the same force and effect as if fully set out in specific detail herein below.

24.     Plaintiff has been retaliated against for opposing and reporting racial discrimination in employment.  But for the Plaintiff's filing of a charge of discrimination with the EEOC, she would not have been terminated.

25.     The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, as amended, and  42 U.S.C. § 1981.

26.     As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

27.     Plaintiff  has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

28.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

29.     This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Publix described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981;

2.     Grant the Plaintiff a permanent injunction enjoining Defendant Publix, its agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3.   Issue an injunction ordering this Defendant not to engage in race discrimination and retaliation and ordering Defendant Publix to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4.   Grant the Plaintiff an order requiring the Defendant Publix to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), compensatory, punitive, liquidated, and/or nominal damages; and,

5.   The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

s/Roderick T. Cooks
Lee Winston
Roderick T. Cooks
Charity Gilchrist-Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
OF COUNSEL:
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
Publix
c/o Corporate Creations Network, Inc.
6 Office Park Circle #100
Mountain Brook, AL 35223